Jack Stanisiaw, J.
Plaintiff moves for summary judgment in an action to declare: (1) that plaintiff’s infant child is entitled to be educated at the Mill Neck Manor School for the Deaf, as a deaf child, pursuant to section 4201 et seq. of the Education Law; (2) that defendant Board of Education, Union Free School District No. 1 of the Town of Huntington is obliged to and shall pay for the transportation of plaintiff’s child to said school; (3) or, in the alternative, that defendant Board of Supervisors of the County of 'Suffolk is obliged to and shall pay for the transportation of said child to said school, located in Nassau County.
Plaintiff’s daughter will be four years old in October of 1968. She is afflicted with a condition diagnosed as “ nerve deafness ” and has been attending the Mill Neck Manor School for the Deaf during the past year. Her right to continue her education there is neither threatened nor disputed by the school or any other agency. The only issue involved is her transportation from Huntington, where she resides, to the Mill Neck Manor School, in Nassau County, a distance of some 17 miles. Despite application to various agencies, the burden of her transportation has remained with her parents. As indicated by plaintiff’s affidavit, it is a heavy burden, indeed, in terms of time, effort *458 and expense. The question, however, is whether this court has jurisdiction to direct the respondents, or either of them, to assume that burden.
With respect to the first branch of the requested relief, plaintiff contends that pursuant to section 4201 et seq. of the Education Law (art. 85, “ Instruction of the Deaf and of the Blind ”), his child is entitled to free transportation to and from the Mill Neck Manor School. Article 85 provides that deaf children, three years of age or older and residents of this State for at least one year, are eligible for attendance at certain institutions designated thereunder, including Mill Neck Manor,. (§§ 4201, 4203) and that those attending shall be provided with board, lodging and tuition (§ 4204), as well as with clothing whenever their parents or guardians are unable to furnish same (§ 4205). Although the article is silent with respect to transportation, plaintiff urges that by enactment thereof, the Legislature impliedly intended that children attending such schools shall be furnished with free transportation. We cannot agree. If such was the legislative intent, the article would have so stated. For example, article 87 of the Education Law, entitled “ New York School for the Blind”, not only makes provision for the instruction of blind persons of suitable age and capacity, but specifically provides for their traveling expenses (§ 4311). It thus appears that plaintiff’s daughter ,is, in all respects, attending the Mill Neck Manor School pursuant to section 4201 et seq. of the Education Law. The first branch of the relief requested, therefore, is moot and, accordingly, is denied.
Let us, then, consider the second branch of the requested relief. Does this court have jurisdiction to direct that the burden of the child’s transportation be borne by respondent school board? In this regard, we have examined all applicable statutes of the State Education Law, including section 4404, which speaks of school boards ’ power and duty to provide transportation for physically handicapped children irrespective of the school they legally attend. We find no statute, however, which imposes upon school boards the duty to provide free transportation for any child under five years of age. Although no statute precludes the assumption of such obligation (and it may well be that some school boards do furnish free transportation for younger children attending classes at the Mill Neck Manor School), we find no authority to direct a local school board to supply such transportation, as a matter of right.
The court must take judicial notice of the fact that while directors of the institutions enumerated under section 4201 *459 receive an appropriation from the State for each pupil in attendance (§ 4204), they are privately owned institutions and not public schools. Mill Neck Manor, for example, is a Lutheran school. On appeals brought before the State Commissioner of Education, it has been held that even in cases involving elementary and secondary school age pupils, the payment of transportation to a nonpublic school by local school boards will not be ordered where the distance from the residence of the child exceeds eight miles and the voters of the district have made no provision for such transportation (Matter of Kennedy, 1 Educ. Dept. Rep. 110; Matter of Patnaude, 74 N. Y. St. Dept. Rep. 46); see, also, Matter of Bordner (2 Educ. Dept. Rep. 496, 497) where the Commissioner held that “where a child is too young to be entitled, as of right, to attend the public schools of the district, it logically follows that such child is not entitled to transportation to any school”. (Emphasis supplied.) The second branch of the requested relief must, therefore, also be denied.
The third and alternative request involves the obligation of the Board of Supervisors of Suffolk County to pay for the child’s transportation. Plaintiff has previously applied to the Family Court for an order directing such payment, which request has allegedly been denied on the ground that the county has made no appropriation therefor. Pursuant to resolution No. 308, the Board of Supervisors of the County of Suffolk has appropriated funds for transportation of handicapped children, beyond the eighth grade, to the Mill Neck Manor School for the Deaf, but no such appropriation has been made for younger children. It is not denied that the county provides free tuition as well as free transportation to the Suffolk School for the Deaf (which is a public school), as well as the Cleary School for the Deaf. Both are fully accredited schools, located in Suffolk County, for deaf children from three years of age through the eighth grade. Although plaintiff’s daugther would be eligible for admission to either of those schools, plaintiff contends that it would be preferable for his daughter to continue at the Mill Neck Manor School, in Nassau County. With this the court is inclined to agree. It is usually preferable for a child to continue at the school where she is making satisfactory progress. Plaintiff further contends that County Resolution No. 308 is violative of article 85 of the State Education Law, since the former appropriates funds for transportation to the Mill Neck School, only for children beyond the eighth grade, and the latter entitles children to attend said school, commencing at age three. With this we cannot agree. As *460 indicated above, article 85 makes no provision for such transportation, regardless of age.
The next question, then, is whether this court has jursidiction to direct the county to pay for the child’s transportation to Mill Neck Manor .School, under article 89 of the State Education Law, on the ground that she is physically handicapped. Section 4403 of that article outlines a procedure for application to the Family Court, for the cost of educational services, including transportation, for handicapped children. Subdivision 1 of that section provides: ‘ ‘ The state education department shall have the power and the duty to provide ivithin the limits of the appropriations made therefor, home teaching, transportation, scholarship, in non-residence schools, tuition or maintenance and tuition in elementary, secondary, higher, special and technical schools, for handicapped children in whole or in part from the funds of the department, when not otherwise provided by parents, guardians, local authorities or .by other sources, public or private. When the family court or the board of education of the city of New York, shall issue an order to provide for the education, including home-teaching, transportation * * * of any handicapped child, the commissioner of education, if he approves such order, shall issue a certificate to such effect in duplicate, one of which shall be filed with the clerk of the board of supervisors or other governing elective body of the county or chief fiscal officer of a city and one in the office of the commissioner of education (Emphasis supplied.) The second and third subdivisions of the section indicate that one half of the cost of such services shall be charged against the county and the other half appropriated and paid for by the State. The Family Court having refused to issue such an order, this court is without authority to direct it to do so, since we have no jurisdiction to review decisions of that court. Moreover, since the county does provide transportation for deaf children beyond the eighth grade to the Mill Neck School and for younger children, starting at age three, to accredited schools within its own county, we find no authority, under section 4403 or under any other section, to direct the county to appropriate funds or to pay for the transportation of children below the eighth grade to the Mill Neck Manor School. Accordingly, the third branch of the requested relief must also be denied.
There are no triable issues of fact raised in this lawsuit. Since there is no common-law right to the relief requested and we find no statutory provision therefor, the court is constrained to dismiss the complaint.